UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Paul Smith, Jr., )
)
    Plaintiff, )
) Case: 1:15-cv-00061
v. ) Assigned To : Unassigned
) Assign. Date : 1/15/2015
District of Columbia Superior Court, ) Description: Pro Se Gen. Civil
)
    Defendant. )

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff wants this Court to "accept this appeal as timely" and then to "vacate" his sentence imposed by the Superior Court of the District of Columbia and "remand for resentencing based upon . . . ineffective assistance of [trial] counsel." Compl. at 1; *see generally District of Columbia v. Smith*, No. 2012 CF3 021885 (D.C. Super. Ct.). As a general rule applicable here, this Court lacks jurisdiction to review the decisions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (following *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Such is the province of the District of Columbia Court of Appeals.

Furthermore, unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is

1

shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not ."). Plaintiff's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) (describing § 23-110 as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence"); *Byrd*, 119 F.3d at 36-37 ("Since passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). This local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)," *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), including a claim of ineffective assistance of trial counsel. *See Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123-25 (D.D.C. 2011).

Even if plaintiff could make the proper showing to come within this Court's jurisdiction, he must proceed in habeas (as opposed to this civil action). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: January 13, 2015        /s/
United States District Judge